UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRIN MALSACK,

        Plaintiff,

v.

        Case No. 25-cv-1017-bhl

DOUBLE L PROPERTY MANAGEMENT LLC
and BREAKAWAY BAR AND GRILL, LLC,

        Defendants.

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

        On July 14, 2025, Plaintiff Darrin Malsack filed a complaint against Defendants Corne's Coach's LLC and Double L Property Management, alleging violations of Title III of the Americans with Disabilities Act (ADA). (ECF No. 1.) On July 30, 2025, Plaintiff filed an amended complaint, adding Defendant Breakaway Bar and Grill as a defendant, and a notice of voluntary dismissal of the claims against Corne's Coach's. (ECF Nos. 3 & 5.) The remaining defendants never answered or otherwise appeared. On October 20, 2025, Plaintiff filed a request for Clerk's entry of default, which the Clerk entered, and on November 21, 2025, Plaintiff filed a motion for default judgment. (ECF Nos. 10–12.) On January 12, 2026, the Court granted Plaintiff's motion for default judgment. (ECF No. 13.) The Court also entered a permanent injunction requiring Double L Property and Breakaway Bar to come into compliance. (ECF No. 14.) Plaintiff now seeks attorney's fees and costs for litigating the case. (ECF No. 17.)

        The ADA authorizes the Court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fees, including litigation expenses, and costs." 42 U.S.C. §12205. Accordingly, there are two requirements to recover attorney's fees: (1) the moving party must be prevailing; and (2) the requested fees must be reasonable.

        A "prevailing party" is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court considers parties who win default judgment to be prevailing. *See*

*McCabe v. Heid Music Co., Inc.*, No. 23-cv-1215-JPS, 2024 WL 2815321, at *1 (E.D. Wis. June 3, 2024). As Plaintiff won default judgment and permanent injunctive relief against Double L Property and Breakaway Bar, he is the prevailing party as to those defendants and is thus entitled to reasonable attorneys' fees.

To determine whether the amount requested is reasonable, the Court uses the "lodestar" method, multiplying the "number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (quoting *Hensley*, 461 U.S. at 433) (alteration in original). The reasonable hourly rate is "derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003). The fee applicant bears the burden of producing evidence supporting that the requested rate matches the market rate, and the best evidence is the attorney's actual billing rate for similar work. *Pickett*, 664 F.3d 640 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012). If that burden is met, the burden shifts to the other party to offer evidence explaining why a lower rate is "essential." *Pickett*, 664 F.3d at 640. Once the Court establishes the lodestar, it may adjust it to account for additional factors. *Id.* Plaintiff's Counsel submits that he charges $450.00 per hour for Title III ADA cases. (ECF No. 17-2 ¶17.) This Court has previously found a market rate of $750.00 per hour for Title III ADA cases to be reasonable for this market. *See McCabe*, 2024 WL 2815321, at *2. As the requested amount is well beneath that, the Court agrees with Plaintiff that $450.00 per hour is a reasonable amount. The burden now moves to the defendant to establish "a good reason why a lower rate is essential." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1313 (7th Cir. 1996) (citation omitted). Failure to do so is "a concession that the attorney's billing rate is reasonable and should be awarded." *Id.* The defendants have not responded to the motion, and the Court will therefore apply a $450.00 per hour billing rate.

Having determined the reasonable rate, the Court must consider "the hours reasonably expended." *Johnson*, 668 F.3d at 929. The Court must ensure that counsel exercised "billing judgment" by submitting only the hours reasonably expended, not necessarily the hours actually expended. *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999). Counsel for the prevailing party cannot include in the fee request "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. Plaintiff's Counsel maintains that he expended

18.2 hours in litigation and attaches a breakdown of the hours spent on the case. (ECF No 17-1 at 13; ECF No. 17-2 ¶22; ECF No. 17-4 at 4.) The hours, however, include 0.2 hours spent preparing a summons and a waiver of service for Double L Property and Corne's Coach's, 0.1 hours reviewing the Court-issued summons for both defendants, and 0.2 hours spent preparing a notice of voluntary dismissal of Corne's Coach's. (*Id.* at 1–2.) Because Plaintiff dismissed Corne's Coach's, he is not a prevailing party as to it, and neither Double L Property nor Breakaway Bar need pay those fees. The Court will deduct the 0.35 hours connected to Corne's Coach's: 0.1 hours spent preparing the summons and waiver of service, 0.05 hours spent reviewing the Court-issued summons, and 0.2 hours spent preparing and filing of the notice of voluntary dismissal. (*See id.*) This brings Plaintiff's total requested hours down to 17.85 hours. The Court does not otherwise find the time logs unnecessary, unreasonable, or otherwise concerning. Accordingly, Plaintiff is entitled to 17.85 hours of time at $450.00 per hour, equaling **$8,032.50** in attorneys' fees. The Court makes no further adjustment to the lodestar.

Plaintiff also seeks costs: $405.00 for the filing fee, $290.00 for processing service, and $149.70 for postage. (ECF No. 17-4 at 5; ECF No. 17-1 at 12; ECF No. 17-2 ¶23.) Plaintiff does not break costs out by defendant. (*See* ECF No. 17-4 at 5.) Federal Rule of Civil Procedure 54(d)(1) provides that costs be allowed to the prevailing party unless a federal statute, Rule of Civil Procedure, or court order provides otherwise. As already discussed, Plaintiff is a prevailing party as to Double L Property and Breakaway Bar, but not as to Corne's Coach's. Because Plaintiff does not break out the costs, and he included hours spent on litigating against Corne's Coach's, the Court assumes that the costs include money spent processing service and on postage as to Corne's Coach's. The Court will therefore award Plaintiff two-thirds the amount requested for processing service and out-of-pocket postage. Accordingly, Plaintiff is entitled to $405.00 for the filing fee, $193.33 for processing service, and $99.80 for postage, totaling **$698.13** in costs.

Last, Plaintiff seeks an additional $300.000 "re-inspection fee" to "cover the prospective cost of re-inspecting the property" to confirm compliance. (ECF No. 17-1 at 12–13.) To support this request, Plaintiff cites several cases in Florida District Courts and one in the District of Massachusetts. (*Id.*) But there is no statute governing such relief, and neither the Seventh Circuit nor any district court within this circuit has permitted a "re-inspection fee" when awarding costs. It does not appear to be an appropriate cost under the rule or statute. Accordingly, the Court will therefore decline Plaintiff's invitation to award prospective costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Malsack's motion for attorney's fees, ECF No. 17, is **GRANTED in part** and **DENIED in part**. Malsack is entitled to recover from Defendants Double L Property Management and Breakaway Bar and Grill attorney's fees in the total amount of $8,032.50 and costs in the amount of $698.13.

**IT IS FURTHER ORDERED** that Defendants Double L Property Management and Breakaway Bar and Grill shall pay to Plaintiff Malsack attorney's fees in the amount of $8,032.50 and costs in the amount of $698.13.

Dated at Milwaukee, Wisconsin on March 9, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge